Filed 5/27/16  In re J.D. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re J.D. et al., Persons Coming Under the Juvenile Court Law. | |
| CONTRA COSTA COUNTY CHILDREN AND FAMILY SERVICES BUREAU,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.S.,<br><br>        Defendant and Appellant. | A145894<br><br>(Contra Costa County<br>Super. Ct. Nos. J1500071, J1500072) |

Mother appeals from orders finding that her now 10-year-old twin sons are dependent children within the meaning of Welfare and Institutions Code[1] section 300, subdivision (b), and that placement of the children in her custody would be detrimental to their health and safety. She argues that there is no substantial evidence to support the court's factual findings and that the court erred in failing to place the children with her as the "noncustodial" parent under section 361.2. The Contra Costa County Children and Family Services Bureau (the bureau) disputes mother's arguments and has also moved to dismiss the appeal as moot because, among other reasons, the children were placed with mother following the 12-month review hearing. We deny the motion to dismiss and, with the exception of one allegation that the bureau concedes is unfounded, affirm the jurisdictional and dispositional orders.

---

[1] All statutory references are to the Welfare and Institutions Code.

## Background

Mother's history with child welfare authorities began in 2003 when petitions were filed regarding her then 13-year-old daughter and her half-sibling. In those prior dependency cases, the juvenile court found true the jurisdictional allegations, among others, that her daughter was sexually molested by mother's roommates while mother was asleep or passed out after drinking and that mother has a history of alcohol abuse. The daughter was removed from mother's home, but returned to her custody after mother's successful completion of reunification services. These dependency proceedings were dismissed in 2005.

The two boys at issue in the present appeal were born in December 2005. According to mother, she and the father separated when the children were four years old. In January 2012, while the children were living with mother, the bureau received a report of alleged physical abuse and general neglect by mother as a result of her alcohol abuse. The report was substantiated by the bureau but the social worker advised father that no petition would be filed if he immediately sought an order from the family court for full custody. Pursuant to a temporary family court order, father was awarded sole legal and primary physical custody of the boys. Mother was given supervised visits twice a week. Apparently, a final order was never entered.

On January 23, 2015, the bureau filed the present petitions for dependency jurisdiction over the two children and removed the children from father's home. At the time of the removal, the children were spending alternating weeks with each parent based on an informal agreement between the parents, despite the temporary family court order to the contrary.

The petitions alleged that father posed a serious risk to the physical safety of the children insofar as he, among other things, had physically abused and neglected the children and had a substance abuse problem. The petition alleged that father spanked the boys with a wooden spoon on their bare bottoms, resulting in bruising to their buttocks, and pulled one of the boy's arm causing bruising. The petition also alleged father had a substance abuse problem, that father has had sexual relations with his girlfriend in the

2

presence of the children and exposed the children to pornographic movies and playing cards, and that father has left the children in the care of an adult who "pulled the children into their room by their arm, swore at, and threatened them."

With respect to mother, the petitions alleged that she failed to protect her children from the physical abuse and neglect by the father because she "failed to report her concerns of neglect to her [children] until two weeks ago despite concerns of neglect by the father for over a year." The petition alleged further that mother has been verbally abusive to the children by using inappropriate words in their presence. The children were placed with the paternal grandmother at the detention hearing.

At the contested jurisdictional hearing, mother requested the court to sustain the allegations concerning father but argued that there was insufficient evidence to sustain the allegations involving her conduct. The court sustained the allegations against both mother and father.[2]

At the dispositional hearing, the court found that placement of the children with either parent would be detrimental to their safety, protection, or physical or emotional well-being. Both parents were offered reunification services.

Mother filed a timely notice of appeal from the jurisdictional and dispositional orders.

After appellate briefing was complete, the bureau filed a motion to dismiss the appeal on the ground that the appeal had been rendered moot by subsequent court orders.[3] Following the 12-month review hearing held on April 6, the court entered an order adopting the recommendation of the bureau that the children be returned to mother's home and family maintenance services be provided. Mother opposes the motion to dismiss.

[2] The bureau concedes that the allegation that mother verbally abused her children was not properly charged under section 300, subdivision (b). We agree and order that finding stricken. (See *In re Jesus M*. (2015) 235 Cal.App.4th 104, 112 ["Subdivision (b) does not provide for jurisdiction based on ' "emotional harm." ' "].)

[3] The bureau's request for judicial notice of the minute orders entered following hearings on December 1, 2015, March 10, 2016, and April 6, 2016, is granted.

**Discussion**

1.    *The motion to dismiss is denied.*

" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' [Citation.] The question of mootness in a dependency case should be decided on a case-by-case basis, particularly when an error in the juvenile court's initial jurisdictional finding has been alleged." (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404-405.)

The bureau asks this court to dismiss mother's appeal because, among other reasons, the children were returned to mother's custody following the 12-month review hearing and a family maintenance plan was ordered. As a result, the bureau argues, this court can no longer offer mother any practical relief on her claims.[4]

Given mother's lengthy history with the bureau, it is entirely possible that the factual findings in this case will be used against her if not in these proceedings then in proceedings involving a future petition. The jurisdictional hearing in this case essentially proves this point. A substantial portion of the testimony and argument at the current hearing involved a rehashing of mother's prior dependency and family court cases. Similarly, the bureau's brief on appeal attempts to justify the dispositional order in this case in large part based on the findings made in the prior proceedings. Considering the potential prejudice that may be caused by the findings that mother neglected and verbally abused her children, if not justified, she is entitled to a determination whether the findings are supported by substantial evidence. Thus, we shall exercise our inherent discretion to

---

[4] The bureau also argues that mother has waived any challenge to the court's dispositional order by failing to challenge the finding at a December 1 hearing that return of the children to their mother would create a substantial risk to their well-being. The minute order provided by the bureau, however, is insufficient to establish mother's waiver. (See *In re Dani R.*, *supra*, 89 Cal.App.4th at p. 404 [Waiver requires an unambiguous stipulation to jurisdictional or dispositional findings at review hearings.]; *In re Eric A.* (1999) 73 Cal.App.4th 1390, 1394-1395 [same].)

resolve the issue on appeal. (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762 [Courts "generally will exercise our discretion and reach the merits of a challenge to any jurisdictional finding when the finding . . . could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings."]; see also *In re M.W.* (2015) 238 Cal.App.4th 1444, 1452 [Finding that mother exposed children to a current risk of physical harm by declining to get a restraining order "could potentially impact the current or future dependency proceedings."].) Accordingly, we shall deny the bureau's motion to dismiss the appeal as moot.

2.    *Substantial evidence supports the jurisdictional findings involving mother's conduct.*[5]

The amended petition alleges that the children come within section 300, subdivision (b) in that they suffered, or there is substantial risk they will suffer, serious physical harm or illness as a result of mother's "failure or inability . . . to . . . protect the child[ren] adequately." The sole factual allegation supporting mother's failure to protect her children is that she "failed to report her concerns of neglect to her child[ren] until two weeks [before the filing of the petition] despite concerns of neglect by the father for over a year."

"The three elements for a section 300, subdivision (b) finding are: '(1) neglectful conduct by the parent in one of the specified forms; (2) causation; and (3) "serious physical harm or illness" to the [child], or a "substantial risk" of such harm or illness.' [Citation.] The third element, however, effectively requires a showing that at the time of the jurisdictional hearing the child is at substantial risk of serious physical harm in the

_____

[5] For the reasons discussed above, we also reject the bureau's argument that we need not review mother's challenge to the jurisdictional findings because the juvenile court's jurisdiction is properly established based on the allegations involving father alone. (Compare *In re I.A.* (2011) 201 Cal.App.4th 1484, 1491-1492 [dismissing as moot a father's challenge to the court's jurisdictional findings involving his conduct because the court's jurisdictional findings involving mother's conduct was unchallenged] with *In re D.M.* (2015) 242 Cal.App.4th 634, 639 [exercising discretion to reach the merits of mother's challenge to jurisdictional finding despite uncontested allegations of abuse by father, where finding had the potential to impact future dependency proceedings].)

5

future (e.g., evidence showing a substantial risk that past physical harm will reoccur)." (*In re Savannah M.* (2005) 131 Cal.App.4th 1387, 1395-1396; see also § 300, subd. (b) ["The child shall continue to be a dependent child pursuant to this subdivision only so long as is necessary to protect the child from risk of suffering serious physical harm or illness."].) The juvenile court's jurisdictional findings are reviewed under the substantial evidence test. (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1161.)

Mother conceded at the jurisdictional hearing that she became suspicious of father's neglect at least six months before the petition was filed in January 2015. On August 1, 2014, mother called the police to request a welfare check on her children who were at their father's home. The police responded and determined the children were fine. On September 24, 2014, an unidentified complainant, who mother testified was her, called the police and requested another welfare check on the children and then hung up the phone. Again, the police responded and determined the children were fine. Mother testified that she attempted to report father to the bureau on January 15, 2015, but was told to return to the family court. The bureau has no record of mother's alleged contact. On January 22, after a teacher reported suspected abuse, mother told the social worker that she had been concerned about the safety of her sons in their father's care for over a year. Mother testified that she regretted her inaction, but the trial court found mother's testimony completely lacking in credibility. Accordingly, the evidence establishes that despite being concerned about her children's safety for over a year, mother called the police on one or possibly two occasions for a welfare check but did not contact the bureau or seek a change of custody from the family court. This evidence is sufficient to support a finding of failure to protect.

Likewise, contrary to mother's argument, the evidence is also sufficient to establish a continuing risk of harm. The abuse and neglect the children suffered may have been avoided had mother taken sufficient steps to report her concerns about father to the bureau. Mother claimed that she did not call the bureau earlier because she was afraid of father and was worried that he would keep the children from her. She was also worried about getting the bureau involved because the children were placed with father after the

6

bureau's prior involvement. While mother's fears are undoubtedly real, her failure to act demonstrates a willingness to sacrifice the safety of her children to further her own interests. By violating the family court's visitation order, rather than seeking a modified order, mother sought to advance her interests in maintaining biweekly custody rather than the needs and safety of her children. This evidence presents a sufficiently "defined risk" of harm and amounts to more then mere speculation. (*In re Savannah M*., *supra*, 131 Cal.App.4th at p. 1394 [" '[T]he question under section 300 is whether circumstances at the time of the hearing subject the [child] to the defined risk of harm.' [Citation.] 'Thus[,] previous acts of neglect, standing alone, do not establish a substantial risk of harm; there must be some reason beyond mere speculation to believe they will reoccur.' " (Italics omitted.)].) Accordingly, substantial evidence supports the court's jurisdictional finding that mother failed to protect her children by not reporting father's abuse and neglect.

2. *Substantial evidence supports the dispositional finding*.

The dependency statutory framework distinguishes between a parent with whom the child was residing at the time the section 300 petition was initiated (custodial parent), and a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the provisions of section 300 (noncustodial parent). (§§ 361, subd. (c), 361.2, subd. (a).) "Section 361, subdivision (c) provides in relevant part: 'A dependent child may not be taken from the physical custody of his or her parents or guardian or guardians with whom the child resides at the time the petition was initiated, unless the juvenile court finds clear and convincing evidence of . . . [¶] (1) . . . a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home . . . .' Similarly, section 361.2, subdivision (a) requires the juvenile court to place a child with a noncustodial parent, 'unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child.' By its terms, section 361 applies to a custodial parent, while placement with a noncustodial parent is to be assessed under section 361.2." (*In re D'Anthony D*. (2014) 230 Cal.App.4th 292, 303.)

7

Initially, mother faults the court for failing to place the children with her under section 361.2. We disagree. First, mother's status as a noncustodial parent is a technicality at best. While father was awarded full custody under the 2013 temporary family court order, no final order was entered. More importantly, it is undisputed that the parents in fact shared custody on an essentially even basis for at least a year prior to the filing of the petition. Thus, there is no factual support for a finding that "the child was not residing [with mother] at the time that the events or conditions arose that brought the child within the provisions of Section 300." Moreover, mother is only "noncustodial" because the children were removed from her custody by a prior court order after allegations of neglect were substantiated. (See *In re A.A.* (2012) 203 Cal.App.4th 597, 608-609 ["[I]f the noncustodial status of the . . . parent is due to a prior dependency order removing custody, and there has been no intervening restoration of the parent's right to physical custody of the child, the court need not inquire if that parent desires to have the child placed with him or her under section 361.2."].) Accordingly, section 361.2 is not applicable in this case.

Still further, substantial evidence supports the trial court's finding that placement of the children in mother's custody would be detrimental to the safety, protection, or physical or emotional well-being of the children. (See *In re D'Anthony D.*, *supra*, 230 Cal.App.4th at p. 303 [Because of similarity between mandatory findings under sections 361 and 361.2, court's failure to make finding under section 361.2 as to noncustodial parent is harmless where court made required finding under section 361 as to that parent.].) As discussed above, mother's failure to protect the children posed a continuing threat to the safety and well-being of the children. In addition, while not sufficient to support jurisdiction, the undisputed evidence regarding mother's anger towards and use of inappropriate language around the children, the social worker and the children's teacher further supports the dispositional finding.

## Disposition

The allegation in the petitions that mother verbally abused the children shall be stricken. The jurisdictional and dispositional orders are affirmed in all other respects.

8

_____
Pollak, J.

We concur:


_____
McGuiness, P. J.


_____
Siggins, J.