Opinion
HOFFSTADT, J.
A mother used her hand or a sandal to spank her two children on the buttocks on those “rare” occasions when lesser disciplinary measures proved ineffective, but never hard enough to leave bruises or marks. May a juvenile court conclude the mother has inflicted “serious physical harm” within the meaning of Welfare and Institutions Code section 300[1] without first examining whether her conduct falls outside the right of parents, which exists elsewhere in California civil and criminal law, to discipline their children as long as the discipline is genuinely disciplinary, is warranted by the circumstances, and is reasonable (rather than excessive) in severity? (E.g., People v. Whitehurst (1992) 9 Cal.App.4th 1045, 1050 [12 Cal.Rptr.2d 33] (Whitehurst).) We conclude that the juvenile court may not. Because the juvenile court’s ruling in this case relied on its categorical view that “hitting children with shoes” is “physical abuse” and “not a proper form of discipline,” we vacate the court’s jurisdictional finding as to the mother and remand so that the court may in the first instance apply the reasonable parental discipline doctrine.
FACTS AND PROCEDURAL BACKGROUND
Jessica G. (mother) has two children, D.M. (bom 2007) and J.M. (bom 2010). D.M.’s father is Alejandro H. (Alejandro) and J.M.’s father is Guillermo M. (Guillermo). Due to Guillermo’s violent behavior towards her, mother emigrated from Mexico in 2012 with both children.
In May 2014, the Los Angeles County Department of Children and Family Services (Department) received a report that mother was yelling at and beating the children. When talking to Department investigators, mother admitted that she would discipline her children by making them do chores, by scolding them verbally, by denying them privileges (such as watching television), and by threatening to spank them. On the “rare” occasions when these techniques did not work, she would spank the children on the buttocks with her bare hand or with a sandal. The children confirmed that mother would occasionally spank them. The spankings were not hard enough to leave marks or bruises: The Department’s investigators observed no marks, bruises, welts or scars, and no one the investigator spoke with — from the boys’ primary doctor, to their maternal grandmother, babysitter, and school *638 teacher — had ever observed any marks or bruises. Consistent with these reports, D.M. reported that a spanking “[did not] hurt too much.”
In June 2014, as the Department was still conducting its investigation, Guillermo offered to babysit the children and mother gave him her address. One evening, Guillermo arrived early so mother could go to her second job and saw a male visitor in the house. Guillermo returned later that evening, enraged, and assaulted and raped mother while the children were present in the home.
The Department thereafter filed a petition asking the juvenile court to assert dependency jurisdiction over D.M. and J.M. pursuant to section 300, subdivisions (a), (b), and (j), on two grounds: (1) Guillermo physically and sexually assaulted mother in the presence of the children and mother failed to protect the children from seeing the violence Guillermo perpetrated upon her, and (2) mother had intentionally inflicted serious physical harm on J.M. by spanking him and thereby put D.M. at substantial risk of similar abuse.
At the jurisdictional hearing, the juvenile court dismissed the allegation that mother failed to protect the children from witnessing her own victimization, but otherwise concluded that jurisdiction was appropriate. The court sustained the allegation involving Guillermo’s assault and rape of mother. The court also sustained the allegation based on mother’s discipline, finding that mother had spanked the children “on repeat occasions” and reasoning that “hitting children with shoes is not a proper form of discipline, and it’s physical abuse.” As pertinent to this appeal, the court’s dispositional order required mother to attend a support group for victims of domestic violence, to attend parenting classes, and to attend individual counseling.
Mother timely appeals. Guillermo did not appeal, and Alejandro has not been involved in these proceedings.
DISCUSSION
Mother argues that the juvenile court’s finding against her is not supported by substantial evidence.
I. Mootness
The Department first asserts that we need not reach the merits of mother’s challenge. Dependency jurisdiction attaches to a child, not to his or her parent. (In re Alysha S. (1996) 51 Cal.App.4th 393, 397 [58 Cal.Rptr.2d 494].) Because jurisdiction over D.M. and J.M. is justified based solely on the unchallenged finding against Guillermo, the Department argues that the *639 juvenile court’s jurisdictional findings regarding mother do not affect the court’s jurisdiction and should not be reviewed on appeal. (In re D.P. (2014) 225 Cal.App.4th 898, 902 [170 Cal.Rptr.3d 656] (D.P.) [“ ‘[A]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate.’ ”], quoting In re Ashley B. (2011) 202 Cal.App.4th 968, 979 [135 Cal.Rptr.3d 659].)
Notwithstanding this general principle, we have discretion to reach the merits of a challenge to any jurisdictional finding when that finding may be prejudicial to the appellant (D.P., supra, 225 Cal.App.4th at p. 902), such as when that finding “serves as the basis for dispositional orders that are also challenged on appeal” or when that finding “could potentially impact the current or future dependency proceedings” (In re Drake M. (2012) 211 Cal.App.4th 754, 762 [149 Cal.Rptr.3d 875]). In this case, the juvenile court’s finding that mother intentionally inflicted serious physical harm upon J.M. is prejudicial to mother for two reasons. First, a finding that a parent “intentionally hurt her [son] has the potential to impact future dependency proceedings.” (D.P., at p. 902.) Second, the finding against mother in this case is the basis for two of the three requirements the court imposed upon her as part of its dispositional order. Although a dispositional order may reach both parents, including a nonoffending parent, the order must nevertheless be “reasonable” and “designed to eliminate [the] conditions that led to the court’s [still valid jurisdictional] finding.” (§ 362, subd. (d); see In re Nolan W. (2009) 45 Cal.4th 1217, 1229 [91 Cal.Rptr.3d 140, 203 P.3d 454].) As applied here, the court’s order requiring mother to participate in support counseling for victims of domestic violence is tied to the still-valid jurisdictional finding regarding Guillermo’s infliction of that violence. However, the court’s order requiring mother to attend parental education and individual counseling are unrelated to her status as the victim of Guillermo’s domestic violence and accordingly hinge on the validity of the jurisdictional finding against her.
We will therefore exercise our discretion to reach the merits of mother’s challenge.
II. Assertion of Dependency Jurisdiction
The juvenile court’s jurisdictional finding against mother rests upon three statutory grounds; (1) that “[t]he child”- — as alleged, J.M. — “has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally upon the child by the child’s parent or guardian,” under section 300, subdivision (a); (2) that “[t]he child” — as alleged, J.M.— “has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent ... to adequately supervise or protect the child,” under section 300, *640 subdivision (b); and (3) that “[t]he child’s sibling” — as alleged, J.M. — “has been abused or neglected, as defined in subdivision^] (a) [or] (b) . . . and there is a substantial risk that the child” — as alleged, J.M.’s older brother, D.M. — “will be abused or neglected, as defined in those subdivisions,” under section 300, subdivision (j). (§ 300, subds. (a), (b) & (j), italics added.) As the italicized language indicates, jurisdiction under these provisions cannot be sustained without a showing that a child either suffered “serious physical harm” or was at serious risk of so suffering.
The question presented in this case is whether a parent’s spanking of her children on the buttocks with her bare hand and with a sandal categorically constitutes “serious physical harm” sufficient to invoke dependency jurisdiction under section 300, subdivisions (a), (b) and (j), irrespective of whether the spankings qualify as reasonable parental discipline. As explained below, we conclude that the answer to this question is no.
In reaching this conclusion, we independently interpret section 300 (Lee v. California Capital Ins. Co. (2015) 237 Cal.App.4th 1154, 1165 [188 Cal.Rptr.3d 753]), but review the juvenile court’s factual findings for substantial evidence (In re John M. (2013) 217 Cal.App.4th 410, 418 [158 Cal.Rptr.3d 670]). In conducting substantial evidence review, we review the evidence in the light most favorable to the juvenile court’s findings, and draw all inferences and resolve all evidentiary doubts in favor of those findings. (Ibid.)
As a legal matter, the text of section 300, subdivision (a), specifically and expressly provides that “ ‘serious physical harm’ does not include reasonable and age-appropriate spanking to the buttocks where there is no evidence of serious physical injury.” (§ 300, subd. (a).) Although this proviso limits itself to the “purposes of . . . subdivision [(a)],” the exception to dependency jurisdiction for reasonable discipline applies across the board to all of section 300’s jurisdictional grounds for two reasons. (Ibid.) First, the Legislature chose to use the term “serious physical harm” throughout section 300. “ ‘When a word or phrase is repeated in a statute, it is normally presumed to have the same meaning throughout.’ ” (People v. Briceno (2004) 34 Cal.4th 451, 461 [20 Cal.Rptr.3d 418, 99 P.3d 1007].) Second, the Legislature provided, in the paragraph of section 300 following the enumeration of the last statutory basis for dependency jurisdiction, that “[i]t is the intent of the Legislature that nothing in this section . . . prohibit the use of reasonable methods of parental discipline, or prescribe a particular method of parenting.” (§ 300, italics added.)
What is more, these Legislative declarations in section 300 are consistent with the long-standing principle of California law that “ ‘a parent has a right to reasonably discipline his or her child and may administer *641 reasonable punishment....’” (Gonzalez v. Santa Clara County Dept. of Social Services (2014) 223 Cal.App.4th 72, 86 [167 Cal.Rptr.3d 148] (Gonzalez) [collecting cases]; Whitehurst, supra, 9 Cal.App.4th 1045, 1050.) A parent acting within the boundaries of this right cannot be found liable for a tort (Gonzalez, at p. 86); guilty of a crime (Whitehurst, at p. 1050 [battery]; 80 Ops.Cal.Atty.Gen. 203, 205-206 (1997) [inflicting corporal punishment on a child under Pen. Code, § 273d, subd. (a)]); or subject to registration as a child abuser (Gonzalez, at pp. 85-86).
Whether a parent’s use of discipline on a particular occasion falls within (or instead exceeds) the scope of this parental right to discipline turns on three considerations: (1) whether the parent’s conduct is genuinely disciplinary; (2) whether the punishment is “necess[ary]” (that is, whether the discipline was “warranted by the circumstances”); and (3) “whether the amount of punishment was reasonable or excessive.” (Whitehurst, supra, 9 Cal.App.4th at p. 1050; see People v. Clark (2011) 201 Cal.App.4th 235, 250 [136 Cal.Rptr.3d 10]; accord, Gonzalez, supra, 223 Cal.App.4th at p. 91 [“a successful assertion of the parental disciplinary privilege requires three elements: (1) a genuine disciplinary motive; (2) a reasonable occasion for discipline; and (3) a disciplinary measure reasonable in kind and degree”]; cf. Emery v. Emery (1955) 45 Cal.2d 421, 430 [289 P.2d 218] [parent’s “wide discretion in the performance of . . . parental functions” does not reach “beyond the limits of reasonable parental discipline”].)
Where parental discipline exceeds these limits, juvenile courts have not hesitated to uphold the assertion of dependency jurisdiction. Thus, dependency jurisdiction has been sustained when a parent hit her three year old on the stomach with a belt, causing deep, purple bruises after he refused to write a letter of the alphabet and sprayed perfume in his eyes (In re Mariah T. (2008) 159 Cal.App.4th 428, 438-439 [71 Cal.Rptr.3d 542]); when a parent hit her son with a belt and an electric cord 21 times because he was misbehaving, causing bruises and leaving red marks, welts, and broken skin (In re David H. (2008) 165 Cal.App.4th 1626, 1645 [82 Cal.Rptr.3d 81]); when a parent struck his daughter, dislocating her shoulder (In re J.K. (2009) 174 Cal.App.4th 1426, 1433 [95 Cal.Rptr.3d 235]); when a parent struck her son with “hard objects, violently enough to leave black and blue bruises” for unexplained disciplinary reasons (In re A.E. (2008) 168 Cal.App.4th 1, 3 [85 Cal.Rptr.3d 189]); when a parent had “physically punished” his daughter by hitting her with an iron pipe on the leg hard enough to cause long-lasting marks, with a broom on the stomach hard enough to cause long-lasting marks, kicking her, hitting her on the hand hard enough to cause bleeding, slapping her in the face, and driving a car away while her upper torso was leaning into the car (In re N.M. (2011) 197 Cal.App.4th 159, 162-163, 169 [127 Cal.Rptr.3d 424] (N.M.)); and when a parent, to control his daughters’ behavior, repeatedly sprayed them with cold water from a hose, pulled their *642 hair, used ice packs, and also indicated a plan to use “harsher disciplinary techniques” with his son (In re Cole C. (2009) 174 Cal.App.4th 900, 916-917 [95 Cal.Rptr.3d 62]). Conversely, where parental discipline is reasonable if viewed through the prism of the above stated standard, courts have declined to exercise dependency jurisdiction, such as when a relative slapped a child on the buttocks with an open hand (see In re Joel H. (1993) 19 Cal.App.4th 1185, 1201-1202 [23 Cal.Rptr.2d 878]), or when a parent struggled with her daughter and unintentionally caused fingernail injuries to her face and earlobe (In re Isabella F. (2014) 226 Cal.App.4th 128, 131-132, 139 [171 Cal.Rptr.3d 658]).
The juvenile court asserted dependency jurisdiction in this case on the ground that “hitting children with shoes” on “repeat occasions” “is not a proper form of discipline, and it’s physical abuse.” Because the court did not consider the genuineness, necessity, or reasonableness of mother’s use of spanking as a disciplinary measure, the juvenile court’s seemingly blanket rule is inconsistent with the law described above. It also treats the implement of punishment (a sandal rather than a hand) as dispositive, which is also not consistent with the law. (7) (Accord, 80 Ops.Cal.Atty.Gen., supra, at p. 204 [“It is not unlawful for a parent to spank a child for disciplinary purposes with an object other than the hand . . . .”]; Gonzalez, supra, 223 Cal.App.4th at p. 92 [“We cannot say that the use of a wooden spoon to administer a spanking necessarily exceeds the bounds of reasonable parental discipline.”].)
The Department defends the juvenile court’s categorical ruling. The Department first contends that some of the authority we cite involved the parental right to physically discipline children in the context of child abuse registration (as Gonzalez does) or criminal law (as the Attorney General’s opinion does), and thereby suggests that this right does not apply in the context of juvenile dependency proceedings. But, as we explained above, the text of section 300 explicitly preserves the right of parents to administer “reasonable” and “reasonable and age-appropriate” discipline. (§ 300, subd. (a).) What is more, we adopt for section 300 the same three-part definition of “reasonable” parental discipline that courts have been consistently applying for decades in every other context in which it arises. Dependency law undoubtedly rests on a unique cluster of policy concerns, but the policy that prompts courts to balance a parent’s right in deciding how to raise his or her child against the child’s right not to be subjected to unreasonable discipline is not unique to the dependency system.
Relatedly, the Department notes that dependency courts “need not wait until a child is seriously abused or injured to assume jurisdiction” (N.M., supra, 197 Cal.App.4th at p. 165), and reasons that the juvenile courts should *643 be empowered to exercise dependency jurisdiction, even when parental discipline is reasonable, because it might later become unreasonable. However, because this reasoning would apply in every case of parental discipline, reasonable or not, it would effectively write the language preserving the right to engage in reasonable discipline right out of section 300. Rewriting statutes is beyond our purview. (State Dept. of Public Health v. Superior Court (2015) 60 Cal.4th 940, 956 [184 Cal.Rptr.3d 60, 342 P.3d 1217] [noting how courts may not “rewrite statutes”].)
Where, as here, the juvenile court applies the incorrect legal standard, we may decline to engage in substantial evidence review and instead remand to allow the juvenile court to apply the correct legal standard. Such a remand is appropriate in this case, where the parties did not adduce — and the juvenile court did not consider — evidence relevant to the genuineness of mother’s disciplinary motive, the necessity of her punishment or the reasonableness of its severity. These issues likely turn on questions of credibility (of both mother and Guillermo) and competency to testify (as to the children), and these are questions the juvenile court is in a far better position to assess in the first instance.
DISPOSITION
We reverse the jurisdictional finding as to mother only, and remand for further proceedings examining whether mother’s conduct falls within her right to reasonably discipline her children. The judgment is otherwise affirmed.
Boren, P. J., concurred.

 All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.