Filed 12/4/20  In re M.N. CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| In re M.N. et. al., Persons Coming Under the Juvenile Court Law. | B304426 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. No. 19CCJP07673 |
| Plaintiff and Respondent, | |
| v. | |
| M.N., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jean M. Nelson, Judge. Affirmed.

Johanna R. Shargel, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kristine P. Miles, Assistant County Counsel, Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

The juvenile court exercised jurisdiction over the four children of M.N., Sr., (father) and A.T. (mother)[1] under Welfare and Institutions Code[2] section 300, subdivisions (a), (b)(1), and (j). The court found the children were at risk of serious physical harm due to father's infliction of domestic violence on mother, father's physical abuse of the three older children, father's substance abuse, and mother's failure to protect the children from father's physical abuse and substance abuse.

On appeal, father only challenges the jurisdictional findings pertaining to his physical abuse of the children. He contends the court erred by failing to apply the three-part test set forth in *In re D.M.* (2015) 242 Cal.App.4th 634 (*D.M.*) to determine whether he engaged in reasonable discipline by hitting his children with a belt. Consequently, father argues this case should be remanded because had the juvenile court applied the proper test, it would have found father's actions constituted reasonable parental discipline and would not have sustained the physical abuse allegations. Finding no error, we affirm.

## BACKGROUND

Father and mother have four children together: M.N., Jr. (M. Jr.), D.N., M.N., and R.N. At the time the case was initiated, M. Jr. was ten years old, D.N. was seven years old, M.N. was five years old, and R.N. was two years old. Although mother and father were married, mother reported they were not getting

---

[1]    Mother is not a party to this appeal.

[2]    All further undesignated statutory references are to the Welfare and Institutions Code.

along, were in the process of separating, and were sleeping in separate bedrooms.

Early in the morning on October 23, 2019, father raped mother while she was asleep in the same room as their children. Mother reported she fell asleep fully clothed but awoke to find father on top of her with her skirt pushed up, underwear pulled down, and one of her breasts exposed. She stated she felt what she believed to be father's penis attempting to penetrate her vagina. When she tried to push him off, father got angry and hit her several times on the inside of her right thigh. At that point, father left to go to work. After taking the children to school, mother reported the incident to the police. Father was arrested later that evening. A few days later, while cleaning up father's belongings, mother found crystal methamphetamine and a "blackened meth pipe" in a pair of father's pants.

Mother's police report prompted a referral to the Department of Children and Family Services (Department). Following an investigation, on December 2, 2019, the Department filed a petition on behalf of all four children under section 300, subdivisions (a), (b)(1), and (j). The petition alleged the children were at risk of serious physical harm due to: (1) father's infliction of domestic violence on mother (counts a-1 and b-1); (2) father's physical abuse of the three older children by hitting them with a belt (counts a-2, b-3, and j-1 [D.N.]; counts a-4, b-5, j-3 [M. Jr.]; and counts a-3, b-4, and j-2 [M.N.]); (3) father's substance abuse (counts b-2 and b-6); and (4) mother's failure to protect the children from father's domestic violence, physical abuse, and substance abuse (all counts).

At the adjudication hearing held on January 27, 2020, the juvenile court struck mother's failure to protect allegations from

3

count a-1 and struck references to father's arrest from counts a-1 and b-1. In all other respects, the court sustained the petition as alleged and declared the children dependents of the court. Proceeding to disposition, the court removed the children from father, released the children to mother, and ordered mother and father to participate in family maintenance and reunification services, respectively.

Father timely appealed.

## DISCUSSION

Father solely challenges the jurisdictional findings pertaining to his physical abuse of M. Jr., D.N., and M.N; he does not dispute the findings relating to his domestic violence towards mother, his substance abuse, or mother's failure to protect the children. Under these circumstances, father acknowledges we could affirm the jurisdictional orders based on the unchallenged findings. (See *In re Ashley B.* (2011) 202 Cal.App.4th 968, 979 ["As long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate. [Citations.]"].) Nevertheless, citing *In re Drake M.* (2012) 211 Cal.App.4th 754, 762, father contends we should address his appeal because the physical abuse allegations will: (1) prejudice him in the current and future dependency proceedings; and (2) subject him to registration on the Child Abuse Central Index ("CACI"). The Department responds this appeal should be dismissed as non-justiciable, emphasizing father failed to specify the prejudice he would suffer from the physical abuse findings, and "jurisdictional findings do not trigger a person's inclusion onto the CACI[.]" We are inclined to agree with the Department that this appeal does not appear to raise a justiciable controversy. As discussed below, however, having considered the merits of father's jurisdictional

4

challenge, we find no error. We therefore affirm rather than dismiss.

Under section 300, subdivision (a), the juvenile court may exercise jurisdiction over a child if it finds "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian." Pursuant to section 300, subdivision (b)(1), the juvenile court may exercise jurisdiction over a child if it finds "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child[.]" Lastly, per section 300, subdivision (j), the court may exercise jurisdiction over a child upon finding "[t]he child's sibling has been abused or neglected, as defined in subdivision (a), (b), (d), (e), or (i), and there is a substantial risk that the child will be abused or neglected, as defined in those subdivisions."

We review a juvenile court's jurisdictional orders for substantial evidence. (*In re Yolanda L.* (2017) 7 Cal.App.5th 987, 992 (*Yolanda L.*).) Under this standard, "we view the record in the light most favorable to the juvenile court's determinations, drawing all reasonable inferences from the evidence to support the juvenile court's findings and orders." (*Ibid.*) "We do not reweigh the evidence, evaluate the credibility of witnesses, or resolve evidentiary conflicts. [Citation.]" (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228 (*Dakota H.*).)

"Substantial evidence must be of ponderable legal significance. It is not synonymous with 'any' evidence. [Citation.] The evidence must be reasonable in nature, credible, and of solid value. [Citation.]" (*Dakota H.*, *supra*, 132 Cal.App.4th at p. 228.)

"The appellant has the burden of showing there is no evidence of a sufficiently substantial nature to support the finding or order. [Citations.]" (*Ibid.*) "' . . . "The ultimate test is whether it is reasonable for a trier of fact to make the ruling in question in light of the whole record." [Citation.]' [Citation.]" (*Yolanda L., supra*, 7 Cal.App.5th at p. 992.)

Analogizing this case to *D.M., supra*, 242 Cal.App.4th 634, father contends the juvenile court failed to apply the proper three-part test to evaluate whether his use of a belt to hit his children constituted reasonable parental discipline; thus, he argues, the case should be remanded to allow the court to apply the correct test. According to father, had the court applied this test, it would have concluded father's actions were not abusive and would not have sustained the physical abuse allegations. We disagree with father's argument.

If parents' actions fall within the scope of their right to reasonably discipline their children, those actions may not serve as the basis of dependency jurisdiction under section 300. (*D.M., supra*, 242 Cal.App.4th at p. 640 [acknowledging "exception to dependency jurisdiction for reasonable discipline," which "applies across the board to all of section 300's jurisdictional grounds"].) For this "parental disciplinary privilege" to apply, however, three elements must be satisfied: (1) the parent acted with "a genuine disciplinary motive;" (2) the discipline was necessary (i.e., warranted by the circumstances); and (3) the amount of punishment was reasonable and not excessive. (*Id.* at p. 641; *Gonzalez v. Santa Clara County Dept. of Social Services* (2014) 223 Cal.App.4th 72, 91 ["[A] successful assertion of the parental disciplinary privilege requires three elements: (1) a genuine disciplinary motive; (2) a reasonable occasion for discipline; and

6

(3) a disciplinary measure reasonable in kind and degree.”] (*Gonzalez*).)

As an initial matter, we observe *D.M.*, the case on which father relies to argue remand is warranted, is distinguishable from the present case. There, the juvenile court exercised jurisdiction over the children based in part on its finding that, by spanking them with a sandal, mother engaged in inappropriate discipline amounting to physical abuse. (*D.M.*, *supra*, 242 Cal.App.4th at p. 638.) The *D.M.* court reversed the jurisdictional finding pertaining to the mother’s physical abuse, reasoning the juvenile court improperly relied on a “blanket rule” that “treats the implement of punishment (a sandal rather than a hand) as dispositive,” and therefore applied the wrong legal standard by failing to “consider the genuineness, necessity, or reasonableness of mother’s use of spanking as a disciplinary measure[.]” (*Id.* at pp. 642-643.) The *D.M.* court remanded the case so the juvenile court could apply the three-part test described above to ascertain whether the mother’s actions fell within the parental disciplinary privilege. (*Id.* at p. 643.)

Here, in contrast to *D.M.*, the juvenile court did not find father categorically engaged in physical abuse simply because he used a belt to hit his children. Father aptly observes the record is unclear regarding the court’s consideration of whether father acted with a genuine disciplinary motive, or whether the disciplinary methods used were warranted under the circumstances. Nevertheless, the record unambiguously reflects the court methodically considered the specific facts surrounding father’s use of a belt to discipline each of the three older children and found his use of force excessive and unreasonable. As

7

discussed below, this finding is supported by substantial evidence.

D.N., M. Jr., and M.N. each reported father disciplined them by hitting them with a belt on multiple body parts, such as their legs, stomach, back, buttocks, and arms. M. Jr. also related father sometimes used a slipper to hit him. M. Jr. and D.N. both reported father's blows left marks and bruises on them, which, according to M. Jr., sometimes lasted a couple of days. Mother confirmed father hit D.N. and M. Jr. with sufficient force to leave marks on their bodies; indeed, mother suggested father purposely left more marks and bruises on M. Jr. because he was "'at an age where he talks back so it would upset . . . father more.'" Moreover, mother reported she told father not to hit the children in the manner described above, and even considered calling the police on occasions where father hit M. Jr. and D.N. Although M.N. did not report father left marks when he hit her, she did state father's "'pow pows' hurt more than" when mother hit her with an open hand.

On this record, the juvenile court could reasonably conclude father repeatedly hit his three older children – one of whom (Melanie) was five years old and therefore was a child of tender years[3] – with a belt or slipper all over their bodies, using sufficient force to leave bruises and marks on more than one occasion. The court could therefore find father knew or should have known that bruises and marks were likely to result from the

_____

3      Children who are six years old and younger are considered "'of such tender years that the absence of adequate supervision and care poses an inherent risk to [his or her] physical health and safety.' [Citation.]" (*In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1216, 1219.)

amount of force he was applying. Accordingly, the court also could appropriately find father used excessive force to discipline his children, and thereby conclude the third element of the three-part test set forth in *D.M.* was not satisfied. (See *Gonzalez*, *supra*, 223 Cal.App.4th at p. 93 [visible bruising may compel a finding of physical abuse where there are grounds to conclude the parent knew or should have known his or her actions were likely to result in bruising]; see also *In re Mariah T.* (2008) 159 Cal.App.4th 428, 438 [affirming jurisdictional findings based on mother's physical abuse where mother used a belt to strike her three-year old son on his buttocks, stomach, and forearms, leaving deep, purple bruises on at least one occasion].) Because successful assertion of the parental disciplinary privilege requires satisfaction of *all three* elements of the applicable test (*Gonzalez*, *supra*, 223 Cal.App.4th at p. 91), the court did not err by failing to make clear its findings on the first two elements, having properly concluded the third element was not met. Thus, the court did not err in finding father's conduct exceeded the scope of reasonable discipline and sustaining the physical abuse allegations.

## DISPOSITION

The jurisdictional orders are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.

10