Filed 1/14/25  In re Prince M. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re PRINCE M. et al., Persons Coming Under the Juvenile Court Law.<br><br>_____<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>DOTEE W.,<br><br>     Defendant and Appellant. | B333421<br><br>(Los Angeles County Super. Ct. No. 23CCJP01148) |

APPEALS from orders of the Superior Court of Los Angeles County, Linda Sun, Judge.  Dismissed.

David M. Yorton, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Dotee W. appeals from the juvenile court's jurisdiction findings and disposition order declaring her daughter Amani W. a dependent child of the court under Welfare and Institutions Code section 300.[1]  Dotee argues substantial evidence did not support the juvenile court's finding she failed to protect her children from domestic violence between her and Amani's father, Adam N., but she does not challenge the jurisdiction findings based on the domestic violence.  Dotee also appeals from the juvenile court's order denying her request for a restraining order protecting her from David M., the father of two of her other children.

While the appeals were pending, the juvenile court awarded custody of Dotee's three children to their respective fathers and terminated its jurisdiction.[2]  Dotee did not appeal from the orders terminating jurisdiction.  Because we cannot

_____

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

[2]     We requested, and the parties submitted, supplemental briefing on whether we should dismiss Dotee's appeal as moot.

2

provide Dotee any effective relief, we dismiss the appeals as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Juvenile Court Sustains a Petition on Behalf of Prince M. and Princess M. Alleging Physical Abuse by David*

In April 2023 seven-year-old Prince and six-year-old Princess lived with their father David.[3]  The Los Angeles County Department of Children and Family Services received a report David hit Prince in the head and stomach to punish him for spilling juice.  Prince and Princess told the social worker that David hit them with a belt and a closed fist when they misbehaved.  Prince also said David called him "stupid."

In May 2023 the juvenile court sustained a petition under section 300, subdivisions (a), (b), and (j), on behalf of Prince and Princess.  The court found true allegations that David physically abused Prince by striking him on his head, stomach, and arm with a closed fist and on his legs with a belt and that Prince's paternal half-siblings were prior dependent children of the juvenile court because of David's physical abuse.  At a disposition hearing in June 2023 the juvenile court declared Prince and Princess dependent children of the court.  The court removed the children from David and, on the condition the children have

---

[3]     In a prior dependency proceeding the juvenile court in 2016 awarded David sole legal and physical custody of Prince and issued a restraining order protecting David and Prince from Dotee.  There was no custody order for Princess, who was born shortly after the juvenile court awarded David custody of Prince.

3

two overnight weekend visits with Dotee without issue or incident, placed them with Dotee. The court ordered Dotee to participate in individual counseling and conjoint counseling with Prince and Princess.

B.    *The Juvenile Court Sustains a Subsequent Petition on Behalf of Prince and Princess Alleging Domestic Violence Between Dotee and Adam*

In July 2023 the Department filed a subsequent petition under section 342 on behalf of Prince and Princess. The Department alleged that in June 2023 Adam hit Dotee in the face while she held their six-month-old daughter Amani, causing Dotee to fall and break her nose. The Department also alleged that Adam raped Dotee, that Adam's violent conduct endangered the physical health and safety of Prince and Princess, and that Dotee failed to protect Amani by allowing Adam to live in the family home. At a jurisdiction and disposition hearing in September 2023 the juvenile court sustained the petition and removed Prince and Princess from Dotee. The court ordered counseling and monitored visitation for Dotee and David.

C.    *The Juvenile Court Sustains a Petition on Behalf of Amani Alleging Domestic Violence Between Dotee and Adam*

After the June 2023 domestic violence incident, the Department removed Amani from Adam. A few days later, after Dotee dropped off Amani at Adam's home, she returned a few hours later with Prince and Princess, banged on the door, yelled that Adam and his mother had kidnapped Amani, and broke the

4

doorbell. After that incident the Department removed Amani from Dotee as well.

In September 2023 the juvenile court sustained a petition filed by the Department under section 300, subdivisions (a), (b)(1), and (j), on behalf of Amani. The court found true allegations Adam's violent conduct toward Dotee and Dotee's failure to protect Amani endangered Amani's physical health and safety, created a detrimental home environment, and placed Amani at risk of serious physical harm. The court stated: "It is not just the domestic violence perpetrated by [Adam], but [Dotee] is also at fault. [Dotee] has shown to be violent. She admitted that she broke the doorbell. Law enforcement was called on that date."

At disposition the juvenile court placed Amani with Adam. Adam agreed to comply with a temporary restraining order the court issued in July 2023 and to continue the hearing on a permanent restraining order for six months. The court ordered monitored visitation for Dotee. Dotee timely appealed from the court's jurisdiction findings and disposition order.[4]

---

[4] In addition to appealing from the jurisdiction findings, Dotee stated in her notice of appeal she was appealing from the order declaring Amani a dependent child of the juvenile court, the order removing Amani from Dotee, and "[o]ther orders." Because in her brief Dotee addresses only the jurisdiction findings, she has abandoned any challenge to those orders. (See *In re M.B.* (2022) 80 Cal.App.5th 617, 620, fn. 1.)

D.    *The Juvenile Court Denies Dotee's Request for a*
      *Permanent Restraining Order Against David*

On August 10, 2023 Dotee filed a request for a temporary restraining order protecting her from David.  She alleged David came to her apartment two days earlier, stabbed her on the arm, and said he would have someone kill her.  She also alleged he called her repeatedly from a private number.  The juvenile court issued a temporary restraining order.

At the September 19, 2023 hearing on the permanent restraining order Dotee testified that, as she arrived home, David approached her, made "derogatory slurs," grabbed her, and "penetrated [her] arm with a sharp object."  David testified that he had never been to Dotee's house, that he did not know where she lived, and that he had not called her in the previous six months.

The court denied Dotee's request for a permanent restraining order.  The court ruled Dotee did not meet her burden to prove David stabbed her.  The court, however, issued a mutual stay-away order for Dotee and David because of the "high conflict" and "significant animosity" between them.  Dotee timely appealed from the order denying her request for a permanent restraining order.

E.    *The Juvenile Court Terminates Jurisdiction*

At the section 364 judicial review hearing in April 2024 the juvenile court awarded Adam sole physical custody of Amani and granted Dotee and Adam joint legal custody.  In May 2024 the juvenile court terminated its jurisdiction over Amani.

In April 2024 the juvenile court returned Prince and Princess to David's custody and in November 2024 terminated its

6

jurisdiction over them.[5]  Dotee did not appeal from the orders terminating jurisdiction.

## DISCUSSION

A.    *Applicable Law*

"Juvenile dependency appeals raise unique mootness concerns because the parties have multiple opportunities to appeal orders even as the proceedings in the juvenile court proceed."  (*In re N.S.* (2016) 245 Cal.App.4th 53, 59.)  The "'critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.'"  (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163 (*Rashad D.*); see *In re D.P.* (2023) 14 Cal.5th 266, 275 (*D.P.*).)  An "appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief."  (*In re E.T.* (2013) 217 Cal.App.4th 426, 436; see *Rashad D.*, at p. 163.)  "A reviewing court must '"decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding."'"  (*D.P.*, at p. 276.)  "'"When no effective relief can be granted, an appeal is moot and will be dismissed."'"  (*In re J.A.* (2020) 47 Cal.App.5th 1036, 1050-1051.)

In addition, the "principle that '[d]ependency jurisdiction attaches to a child, not to his or her parent' [citation], means that "'[a]s long as there is one unassailable jurisdictional finding, it is

---

[5]    We take judicial notice of the juvenile court's April 25, 2024, May 15, 2024, and November 5, 2024 orders.  (See Evid. Code, §§ 452, subd. (d), 459.)

7

immaterial that another might be inappropriate'" [citation]. Thus, where jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be rendered moot. [Citation.] The same is true where there are multiple findings against one parent; the validity of one finding may render moot the parent's attempt to challenge the others." (*D.P.*, *supra*, 14 Cal.5th at pp. 283-284; see *In re B.H.* (2024) 103 Cal.App.5th 469, 480; *In re D.M.* (2015) 242 Cal.App.4th 634, 638-639.)

Even when an appeal is moot, however, the reviewing court has "'inherent discretion'" to reach the merits of the appeal. (*D.P.*, *supra*, 14 Cal.5th at p. 282.) A reviewing court generally will exercise that discretion when a case involves an "'issue of broad public interest that is likely to recur,'" when the controversy between the parties may recur, or "'when a material question remains for the court's determination.'" (*Ibid.*) The Supreme Court in *D.P.* identified several other factors for courts to consider in deciding whether discretionary review of a moot case is appropriate. (*Id.* at pp. 284-286.) First, the court may consider whether a challenged jurisdiction finding could impact current or future dependency proceedings, for example, by influencing a child protective agency's decision to file a new dependency petition or a juvenile court's determination about further reunification services. (*Id.* at p. 285.) Second, the court may consider the allegations against the parent: "The more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at p. 286.) Third, the court may consider whether the case became moot because a parent promptly complied with his or her case plan: "It would perversely incentivize noncompliance if mootness doctrine

resulted in the availability of appeals from jurisdictional findings only for parents who are less compliant or for whom the court has issued additional orders." (*Ibid.*)

B.  *Dotee's Appeal from the Jurisdiction Findings Is Moot*

Dotee argues substantial evidence did not support the juvenile court's findings she failed to protect her children. Dotee, however, does not challenge the jurisdiction findings based on the domestic violence between her and Adam, and she did not appeal from the juvenile court's order terminating its jurisdiction over Amani. Therefore, her appeal is doubly moot.

First, because neither Dotee nor Adam appealed from the juvenile court's jurisdiction findings based on domestic violence, even if we reversed the findings based on Dotee's failure to protect the children, the juvenile court would still have (had) jurisdiction over Amani until it terminated its jurisdiction. Therefore, we cannot provide Dotee effective relief, and her appeal is moot. (See *D.P.*, *supra*, 14 Cal.5th at p. 283; see, e.g., *In re M.C.* (2023) 88 Cal.App.5th 137, 150-151 ["'Because the juvenile court assumes jurisdiction of the child, not the parents, jurisdiction may exist based on the conduct of one parent only.'"]; *In re Madison S.* (2017) 15 Cal.App.5th 308, 328-329 [appeal from a jurisdiction finding under section 300, subdivision (b), was nonjusticiable where the mother did not challenge a finding under section 300, subdivision (j)].)

Second, as discussed, while this appeal was pending the juvenile court terminated its dependency jurisdiction over Amani. To reverse the jurisdiction findings, as Dotee requests, we would also have to reverse the subsequent order terminating jurisdiction. Because Dotee did not appeal from the order

9

terminating jurisdiction, that order is "not now before us or otherwise subject to appellate review." (*In re Gael C.* (2023) 96 Cal.App.5th 220, 223-224; see *Rashad D.*, *supra*, 63 Cal.App.5th at p. 164.) We have no jurisdiction to review the order terminating jurisdiction, and "the juvenile court has no jurisdiction to conduct further hearings in the now-closed case." (*Rashad D.*, at p. 164.)

Dotee argues that, even if the appeal from the juvenile court's jurisdiction findings is moot, we should exercise our discretion to reach the merits of her appeal because the outcome "could be the difference between her being an 'offending' parent versus a 'non-offending' parent." Dotee argues that "there remains a strong potential of future dependency proceedings based upon further violent acts by Adam" and that the "erroneous finding" she failed to protect her children "would be used against" her in future dependency proceedings. She also argues the jurisdiction findings could affect her if she seeks to modify the supervised visitation order in family court.

We decline to exercise our discretion to reach the merits of Dotee's moot appeal. Dotee does not argue that her case involves an issue of broad public interest that is likely to recur or that a material question remains for the court's determination. (See *D.P.*, *supra*, 14 Cal.5th at p. 282.) Her assertion the finding she failed to protect the children could be used against her in possible future proceedings is speculative. (See *id.* at p. 278 [speculative future harm is insufficient to avoid mootness]; *Rashad D.*, *supra*, 63 Cal.App.5th at p. 164, fn. 5 [argument "that the jurisdiction finding might influence the Department's decision to file a new dependency petition at some point in the future . . . is too speculative to justify appellate review of an otherwise moot

10

case"].)  And even if we reversed the jurisdiction findings, that Dotee allowed Adam to live with her and the children despite his violent conduct would be admissible in any future proceeding.

C.  *Dotee's Appeal from the Order Denying Her Request for a Restraining Order Is Moot*

Dotee argues the juvenile court erred in denying her request for a permanent restraining order protecting her from David.[6]  Because Dotee did not appeal from the juvenile court's orders terminating its jurisdiction over Prince and Princess, her challenge to the order denying her request for a restraining order is moot.

Under section 213.5 a juvenile court can "issue a restraining order lasting up to three years that protects . . . 'any parent'" of a dependent child "from harassment by a parent." (*In re Lilianna C.* (2024) 99 Cal.App.5th 638, 643-644; see *In re A.P.* (2024) 103 Cal.App.5th 1137, 1143.)  Section 213.5, subdivision (a), gives the juvenile court the authority to issue a restraining order "[a]fter a petition has been filed . . . to declare a child a dependent child of the juvenile court, and until the time that the petition is dismissed or dependency is terminated." Because the juvenile court terminated its jurisdiction, even if we were to reverse the juvenile court's order denying Dotee's request for a restraining order, the court would no longer have authority to issue a restraining order under section 213.5.  Therefore, we cannot provide Dotee effective relief.  (See *Rashad D.*, *supra*, 63 Cal.App.5th at pp. 164-165 [because the juvenile court

---

[6]    The Department did not take a position in the juvenile court, and does not take a position on appeal, on Dotee's request for a restraining order.

11

terminated its jurisdiction, "a remand for further proceedings in the juvenile court would be meaningless"]; see also *In re S.G.*, 71 Cal.App.5th 654, 676 (*S.G.*) (dis. opn. of Chaney, J.) ["no authority to *issue* an order under section 213.5 exists outside the window of dependency jurisdiction ending with either a dismissal or termination of a petition under section 300"].)

Nor is this a case where the appeal is not moot because the juvenile court's order "continues to impact a parent's rights" after the court terminates its jurisdiction. (*D.P.*, *supra*, 14 Cal.5th at p. 276; see *In re J.K.* (2009) 174 Cal.App.4th 1426, 1432 [appeal was not moot where the jurisdiction findings had an adverse effect on father's custody rights].) The juvenile court's order denying Dotee's request for a restraining order had no continuing, adverse effect on her rights; it simply preserved the status quo. And although Dotee can no longer seek a restraining order in the juvenile court under section 213.5, she can seek one in the family court under Family Code section 6200 et seq. (See *S.G.*, *supra*, 71 Cal.App.5th at p. 674, fn. 1 (dis. opn. of Chaney, J.).)

Dotee relies on *S.G., supra*, 71 Cal.App.5th 654, where the majority held a parent's failure to appeal from an order terminating jurisdiction did not moot an appeal from an order denying a request for a restraining order. (*Id.* at p. 658.) The majority in *S.G.* concluded it could provide effective relief because a "remittitur creates the limited jurisdiction needed for a juvenile court to correct reversible errors found by an appellate court." (*Id.* at p. 664.) We follow our decisions in *Rashad D.*, *supra*, 63 Cal.App.5th and *In re Gael C.*, *supra*, 96 Cal.App.5th, which held a juvenile court has no jurisdiction to conduct further proceedings after it terminates jurisdiction, rather than the

12

majority opinion in *S.G.*  (See *Rashad D.*, at p. 164; *Gael C.*, at p. 224.)

D. *The Juvenile Court Did Not Err in Denying Dotee's Request for a Restraining Order*

Finally, even if we were to exercise our discretion to consider Dotee's moot appeal from the order denying her request for a restraining order, we would conclude the juvenile court did not err in denying the request.  A juvenile court may issue a protective order under section 213.5, subdivision (a), if failure to make the order "may jeopardize the safety of the petitioner." (Fam. Code, § 6340;[7] see *In re B.S.* (2009) 172 Cal.App.4th 183, 194.)  Where, as here, the juvenile court found the parent seeking the protective order did not meet his or her burden of proof, "'"the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law." [Citation.]  Specifically, we ask "whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'"'" (*In re A.P.*, *supra*, 103 Cal.App.5th at p. 1142; see *S.G.*, *supra*, 71 Cal.App.5th at p. 671.)

The evidence did not compel a finding that denying Dotee's request for a protective order might jeopardize her safety.  Dotee testified David came to her home and stabbed her, but David

---

[7]     Courts "have analogized the issuance of a section 213.5 restraining order to the issuance of protective orders under the Domestic Violence Prevention Act (DVPA), Family Code section 6200 et seq."  (*In re A.P.*, *supra*, 103 Cal.App.5th at p. 1143.)

denied the incident happened and testified he had never been to her home. The juvenile court found that Dotee's testimony "lack[ed] veracity" and that David was a "little bit more credible than" Dotee. We defer to the juvenile court's credibility findings. (See *In re I.J.* (2013) 56 Cal.4th 766, 773 ["'issues of fact and credibility are the province of the trial court'"]; *S.G.*, *supra*, 71 Cal.App.5th at p. 672 ["It is not our function to second-guess such credibility determinations or weighing of the evidence."].) The only evidence Dotee submitted in support of her request for a restraining order was her testimony, which the juvenile court did not credit. Although she testified that a friend witnessed the incident and that the police completed a report, the friend did not testify, and Dotee did not submit a police report.

Dotee argues the juvenile court did not consider "David's violent history throughout his life," including his violence toward his children and the mother of his other children. She points to evidence she told the social worker that David was violent toward her in the past and that he beat and choked her in 2021. That evidence, however, was not before the juvenile court. In her request for a restraining order and in her testimony at the hearing, Dotee did not mention David's past violence; she described only the August 2023 incident. And as discussed, the court did not believe Dotee's testimony David attacked her in August 2023. The juvenile court did not err in denying her request for a restraining order.

## DISPOSITION

Dotee's appeals from the juvenile court's jurisdiction findings and the order denying her request for a restraining order are dismissed.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.