Filed 1/22/25  In re Greyson C. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| In re GREYSON C. et al., Persons Coming Under the Juvenile Court Law. | B328509, B333670 (Los Angeles County Super. Ct. No. 23CCJP00546A-B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. DARCY P., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Brett Bianco, Judge. Affirmed.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Bryan Mercke, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \*

Appellant Darcy P. (mother) appeals from two juvenile court orders, the first asserting jurisdiction over her children Greyson C. and C.C. and the other terminating jurisdiction. Mother contends the jurisdictional findings are not supported by substantial evidence, and therefore the orders are erroneous. We disagree and affirm. Because mother raises no independent challenge to the order terminating jurisdiction, we affirm that order as well.

## FACTUAL BACKGROUND
### Initiation of dependency proceedings

Greyson, born June 2017, and C.C., born June 2021, are the children of mother and E.C. (father).[1] Greyson has significant special needs requiring special education, as well as having severe speech difficulties. Mother thought Greyson had autism and attention deficit disorder.

In February 2023, the Los Angeles County Department of Children and Family Services (DCFS) received a referral alleging physical abuse of five-year-old Greyson. A teacher's aide at Greyson's school observed bruising on his left cheek. Greyson said mother had slapped him. Law enforcement observed "an

---

[1] Father filed a notice of appeal in B328509, but withdrew it. His appeal was dismissed on April 24, 2024. He is not a party to this appeal.

approximately 3-inch bruise/redness in diameter on nearly the entirety of [Greyson's] left cheek."

When interviewed, Greyson explained mother had slapped him multiple times in the face while driving him to school that morning. He told officers this was not the first time mother had slapped him in the face. Greyson reported being afraid of his parents and did not want to go home. During the interviews Greyson was hyperactive and difficult to manage, requiring constant redirection.

When asked, mother denied hitting Greyson. Later, when informed the children would be taken into protective custody, both parents reported having "figured out" what happened, saying Greyson had been scratched by the family dog.

Two days after the incident, Greyson was examined at a medical clinic where "fading red parallel linear bruises with areas central sparing consistent with a hand slap pattern" on Greyson's left cheek were observed by the examiner. At the clinic Greyson stated, "mommy spanked my face."

During the investigation a toxicology report for father confirmed high levels of marijuana and alcohol. Father admitted using marijuana multiple times daily in the "AM, afternoon and the PM," which includes when he is providing care for the children. Father denied being a "stoner."

**Petition and jurisdiction hearing**

A dependency petition under Welfare and Institutions Code section 300, subdivisions (a), (b), and (j),[2] alleging mother had physically abused Greyson and father's substance abuse placed Greyson and C.C. at risk was filed.

---

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

At the jurisdiction hearing on April 11, 2023, the court found mother's discipline to be inappropriate and amended the petition to allege "inappropriate discipline" rather than physical abuse. The court found it "not possible" that father's explanation of drinking one beer could account for his drug and alcohol test results, which showed substantial use of marijuana and alcohol.

The juvenile court asserted dependency jurisdiction upon finding mother had "inappropriately disciplined" Greyson and father's drug and alcohol use placed the children at risk, particularly since he was the primary caretaker. The court ordered the children to remain in both parents' care under the supervision of DCFS.

**Subsequent events**

The juvenile court thereafter received periodic reports from DCFS documenting the family's progress. Both parents were attending parenting classes, and father had complied with random drug and alcohol testing.

Following safety assessment indicating no threats to the children's safety and a risk assessment of moderate, DCFS recommended terminating jurisdiction. At the October 2023 review hearing the juvenile court agreed and found the conditions justifying dependency jurisdiction no longer existed. The court ordered the case closed, the children released to the parents' custody, and terminated jurisdiction.

Mother filed timely notices of appeal from both the jurisdictional (B328509) and termination orders (B333670). This opinion addresses both appeals.[3]

---

[3] We grant DCFS's request to incorporate by reference the record in case No. B328509 into case No. B333670.

**DISCUSSION**

## I. Applicable law and standard of review

A juvenile court may assert dependency jurisdiction when there is a substantial risk a child will suffer serious physical harm or illness due to a parent's conduct. (§ 300.) The statute is designed to prevent harm before it occurs and actual injury need not be proven. (*In re I.J.* (2013) 56 Cal.4th 766, 773.) The court's role is to protect children from risks that are reasonably likely to occur.

### A. *Standards for physical harm and inappropriate discipline*

Section 300, subdivision (a) authorizes jurisdiction when a child has suffered, or there is substantial risk the child will suffer, serious physical harm inflicted nonaccidentally by the parent. This allows a court to find substantial risk at times based on the manner in which a less serious injury was inflicted, a history of repeated inflictions of injuries, or other actions indicating risk of serious harm. (§ 300, subd. (a).)

Even in the absence of physical abuse, inappropriate discipline can justify jurisdiction for excessive punishment. (*In re D.M.* (2015) 242 Cal.App.4th 634, 641.) Whether discipline crosses the line into abuse depends on if (1) the parent's conduct was genuinely disciplinary, (2) the discipline was warranted by the circumstances, and (3) the amount of punishment was reasonable or excessive. (*Ibid.*) The court is to consider factors such as the child's age and the extent of injury. (*Gonzalez v. Santa Clara County Dept. of Social Services* (2014) 223 Cal.App.4th 72, 92.) The presence of lasting bruises may support a finding a parent crossed the line between permissible discipline and reportable abuse. (*Ibid.*)

5

**B.** *Standards for substance abuse*

Under section 300, subdivision (b), jurisdiction may be based on a parent's inability to provide regular care to a child due to substance abuse. The evidence must show (1) the parent excessively uses drugs or alcohol, (2) rendering the parent unable to provide regular care, and (3) results in substantial risk of serious physical harm to the child. (*In re N.R.* (2023) 15 Cal.5th 520, 540.) The mere use by a parent of drugs or alcohol alone is insufficient to meet this standard. However, courts may draw an inference of an inability to adequately provide care and create the risk of harm from evidence relating to the substance abuse and the age and needs of the subject children. (*Id.* at p. 559.)

**C.** *Standard of review*

We review the juvenile court's jurisdictional findings to determine if substantial evidence supports the order. This requires us to examine the entire record to determine if reasonable, credible evidence supports the findings. (*In re I.C.* (2018) 4 Cal.5th 869, 892.) We do not reweigh evidence or substitute our own judgment but view the record in the light most favorable to the juvenile court's determinations. (*In re R.T.* (2017) 3 Cal.5th 622, 633.)

**II.  Substantial evidence supports jurisdiction based on mother's inappropriate discipline**

The juvenile court found mother's discipline of Greyson to be inappropriate and placed the children at substantial risk of serious physical harm. Examining the record in consideration of the relevant factors, we find substantial evidence exists to support this finding.

### A.  *Evidence of inappropriate and excessive discipline*

The evidence showed mother slapped five-year-old Greyson with enough force to leave visible bruising that prompted medical experts, two days later, to find the bruising was consistent with a hand slap pattern. Greyson made consistent comments to multiple parties, including his teachers, law enforcement and medical staff that his mother had slapped him. He also reported his mother had previously slapped him. The physical evidence—parallel linear bruising with central sparing characteristic of a slap mark—corroborates his account.

### B.  *Evidence of current risk*

The factors that support the juvenile court's finding of current risk, include Greyson's report that this was not the first time mother had slapped him, suggesting a pattern of impropriety rather than an isolated incident. Also, mother's response suggests a lack of insight into appropriate disciplinary boundaries. When first confronted she denied hitting Greyson. Later she claimed the child was scratched by the family dog. This failure to recognize or even acknowledge the impropriety of her actions indicates a likelihood she will repeat similar conduct when faced with future behavioral challenges.

In addition, Greyson's special needs and behavior issues create an ongoing risk of him being subjected to inappropriate discipline. The evidence showed he was hyperactive, difficult to control, and required frequent redirection. His behavior challenges and mother's demonstrated inability to handle them appropriately create a substantial likelihood she will again resort to excessive physical discipline out of frustration.

Substantial evidence, therefore, supports the juvenile court's determination the requirements of jurisdiction were met.

## III. Substantial evidence supports jurisdiction based on father's substance abuse

The juvenile court concluded jurisdiction was also warranted based on father's substance abuse and its impact on his ability to provide regular care for Greyson and C.C. Again substantial evidence in the record supports this determination.

### A. *Evidence of excessive substance use*

Father admitted daily marijuana use in the morning, afternoon, and evening, including while he served as the children's primary caretaker. Father's drug test showed high levels of marijuana metabolites at 1,500 nanograms per milliliter. He also tested positive for alcohol at 43 milligrams per deciliter, a level the juvenile court found inconsistent with father's claim of consuming just one beer.

Nevertheless, father denied being a "stoner." When confronted with high levels of both marijuana and alcohol, father offered an explanation the juvenile court reasonably dismissed as "not possible." Father's continued substance use after DCFS initially became involved suggests an inability or unwillingness to modify this behavior despite its impact on his children.

### B. *Impact on care and evidence of current risk*

While mother worked and attended school, father was the parent responsible for supervising one-year-old C.C. and five-year-old Greyson throughout the day, including during periods when he admitted being under the influence of drugs, alcohol or both. The evidence of the level and frequency of his substance use clearly created a substantial risk his judgment, reaction time, and ability to respond to the children's needs would be impaired.

The children's tender ages and Greyson's special needs required vigilant supervision. All young children depend on their caregivers for constant oversight to prevent injury, respond to

8

emergencies, and manage behavioral needs. A caregiver's judgment and reactions are critical. Father's admission to using marijuana throughout the day, including while responsible for the children, created a substantial risk he would be unable to provide the level of supervision and care these vulnerable children required.

Evidence of specific harm is not required because the court need not wait for actual injury before asserting jurisdiction and providing protection. (*In re I.J., supra*, 56 Cal.4th at p. 773.) Here, father, as primary caregiver of these two young children admitted to regular substance use that would undoubtedly impair his ability to provide appropriate supervision and care. Substantial evidence, therefore, supports the finding of dependency jurisdiction.

## IV. Substantial evidence supports jurisdiction over C.C. based on sibling harm

Section 300, subdivision (j) permits dependency jurisdiction over a child when their sibling has been abused or neglected and there is substantial risk the child will suffer similar abuse. The court must consider the circumstances of the sibling's abuse, the age and gender of each child, the nature of the abuse, the parent's mental condition, and any other relevant factors in determining risk to the child.

Here, C.C. was just one year old when mother struck Greyson with enough force to leave visible bruising for days. Mother's response to Greyson's challenging behaviors suggests she lacked appropriate tools for the task of managing challenging child behaviors.

C.C.'s very young age made him especially vulnerable. At one year old, he required constant care and supervision. Mother's demonstrated inability to handle Greyson's behavioral challenges

9

appropriately provided substantial evidence C.C. was at substantial risk of suffering similar abuse, and therefore warranting dependency jurisdiction.

## V. Limited remand is appropriate to correct the petition

Mother requests the case be remanded for the limited purpose of correcting an error in the interlineated petition. Courts have the inherent power to correct clerical errors in their records in order that records reflect the true facts. (*In re Candelario* (1970) 3 Cal.3d 702, 705.) This allows appellate courts that properly assume or retain jurisdiction of a case to correct clerical errors. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

At the jurisdiction hearing, the court concluded the case was one of "inappropriate discipline" and ordered the terms "physically abused" and "physical abuse" be replaced with "inappropriately disciplined" and "inappropriate discipline." When the petition was interlineated, however, three statements of "physical abuse" were missed.[4] As DCFS agrees to a remand for this limited purpose, the matter is remanded to allow this clerical error to be corrected.

## VI. No error is shown in the termination of jurisdiction

Mother also appeals from the juvenile court's October 12, 2023 order terminating dependency jurisdiction. She contends if we reverse the jurisdictional findings in B328509, we must also reverse all subsequent orders, including the termination order that is the subject of appeal B333670. There is no other assertion of error, and we find no error. We therefore affirm the

---

[4] They are found in the second sentence of counts a-1, b-1, and j-1, i.e., "Such physical abuse was excessive and caused the child unreasonable pain and suffering."

10

jurisdictional findings and the termination order in the related appeal.

## DISPOSITION

The juvenile court orders are affirmed, including the jurisdictional findings and dispositional orders and the order terminating jurisdiction.

The matter is remanded for the limited purpose of correcting an error in the record by replacing the words "physical abuse" with "inappropriate discipline" in the second sentence of counts a-1, b-1, and j-1, in the interlineated petition.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
RICHARDSON, J.

11