Filed 3/3/26  In re S.Y. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re S.Y., et al., Persons Coming Under the Juvenile Court Law. | B343289 |
| | (Los Angeles County Super. Ct. Nos. 24CCJP02626, 24CCJP02626B, 24CCJP02626C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>      Plaintiff and  Respondent.<br><br>      v.<br><br>I.C.,<br><br><br><br>      Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Cristina Gutierrez Legaspi, Judge.  Affirmed.

Jesse Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

---

**MEMORANDUM OPINION[1]**

Father, I.C., appeals from the disposition order by the juvenile court requiring him to participate in parenting classes and counseling as part of his reunification services for his children, Sa. and Sm. Father, who was non-offending, contends that there was insufficient evidence that his court-ordered case plan addressed any of his issues that led to dependency proceedings. We find no error and affirm.

Father and mother, H.Y., have two children together, Sa. (born 2014) and Sm. (born 2015). Mother also has an older child, Sv. (born 2008) with B.W.[2]

Prior to the August 2024 referral at issue here, the family came to the attention of the Los Angeles County Department of Children and Family Services (DCFS) in 2016 based on domestic violence between mother and father. The court sustained a petition alleging that on numerous occasions, father struck, kicked, choked, and threatened to kill mother in the presence of the children. The court terminated jurisdiction in 2017, awarding sole legal and physical custody of the children to mother, with monitored visits of Sa. and Sm. for father once he was released from custody.

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We do not recite the full factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references are to the Welfare and Institutions Code.

[2] B.W. and mother are not parties to this appeal. The appeal concerns only Sa. and Sm.

In July and August 2024, DCFS received multiple referrals alleging general neglect by mother, specifically that mother had been heavily drinking alcohol and was under the influence while picking the children up from school, and that Sv. had engaged in self-harm due to mother's emotional abuse. DCFS filed a petition under section 300, subdivisions (b)(1) and (c) as to Sv. and (b)(1) and (j) as to Sa. and Sm. At the time, father was in prison on a probation violation. Counts b-1, and c-1 alleged medical neglect and emotional abuse by mother based on Sv.'s history of mental and emotional problems, including suicide attempts and self-harming behaviors, and mother's failure to obtain mental health treatment for Sv. Count j-1 alleged that Sa. and Sm. were at risk of harm from mother's conduct. The juvenile court removed the children from both parents at the detention hearing in September 2024.

DCFS filed a first amended petition in October 2024, adding count b-2, which alleged that mother had a history of substance abuse, including two arrests for driving under the influence in the past three years. Count b-3 alleged that father's criminal history endangered the children. This history included arrests for domestic violence, among other crimes, and a 2020 conviction for lewd or lascivious acts with a child under 14. Father had been a registered sex offender since April 2022. He was sentenced to three years in prison on a probation violation in August 2024. DCFS reported that father would likely be eligible for parole in mid to late 2025. Mother told DCFS that father had not seen the children for the past six years (since Sa. was four).

In October 2024, father told DCFS that he believed the allegations of the petition regarding mother were false and that mother was a great mother. Regarding his conviction, he stated that the victim was not 12 years old, but actually 27. He acknowledged that he had not seen his children in years. Father denied any prior domestic violence and claimed he was unsure whether he had any prior DCFS history. DCFS recommended denying reunification services for father in light of his violent felony conviction and the length of his criminal sentence.

At the January 7, 2025 adjudication, the court sustained counts b-1, b-2, and j-1 as to mother. The court struck count b-3, the only count alleged against father, declining to find a "direct nexus" between father's conviction

and a risk of harm to his children.  As for disposition, the court found continued removal from all parents was reasonable and necessary, and ordered reunification services and visitation for mother and father.  The court rejected DCFS's request to deny all services to father, finding that reunification services were appropriate.  However, the court denied father's counsel's objection to the case plan.  The court ordered father to complete a case plan including a parenting program and individual counseling to address "all appropriate boundaries" and "case issues."  The court also ordered continued monitored visitation for father.  Father appealed from the January 7, 2025 order.

Father argues the court erred in ordering him to complete parenting classes and counseling when he was non-offending and the court found no nexus between his prior conviction and any risk of harm to the children.  He acknowledges the court's broad discretion in fashioning disposition orders in the best interest of the children but contends that these orders must be designed to eliminate conditions that brought the children under dependency jurisdiction.

"With some limited exceptions not relevant here, section 361.5 requires the juvenile court to order child welfare services for both parent and child when a minor is removed from parental custody. . . .  'This requirement implements the law's strong preference for maintaining the family relationship if at all possible.'"  (*In re Nolan W.* (2009) 45 Cal.4th 1217, 1228 (*Nolan W.*).)

The juvenile court has broad discretion to determine what reunification services are appropriate to protect the child's interest and achieve the end of family reunification. "The juvenile court may direct any reasonable orders to the parents or guardians of the child who is the subject of any proceedings under this chapter as the court deems necessary and proper to carry out this section. . . .  That order may include a direction to participate in a counseling or education program."  (§ 362, subd. (d); see also *In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1006 (*Christopher H.*).)  We cannot reverse the court's determination in this regard absent a clear abuse of discretion.  (See *Christopher H., supra*, 50 Cal.App.4th at p. 1106; *In re Jose M.* (1988) 206 Cal.App.3d 1098, 1103-1104.)

"Of course, the juvenile court's discretion in fashioning reunification orders is not unfettered. Its orders must be 'reasonable' and 'designed to eliminate those conditions that led to the court's finding that the child is a person described by Section 300.'" (*Nolan W., supra*, 45 Cal.4th at p. 1229, quoting § 362, subd. (c).) The court-ordered reunification plan "'must be appropriate for each family and be based on the unique facts relating to that family.'" (*Christopher H., supra*, 50 Cal.App.4th at p. 1006.) To that end, when a court is aware of other parental issues that were not the basis for jurisdiction but that would "impede the parent's ability to reunify with his child, the court may address them in the reunification plan." (*Id.* at p. 1007 [juvenile court "reasonably concluded appellant's substance abuse was an obstacle to reunification that had to be addressed in the reunification plan"]; see also *In re D.M.* (2015) 242 Cal.App.4th 634, 639 ["a dispositional order may reach both parents, including a nonoffending parent"]; *In re Kristin W.* (1990) 222 Cal.App.3d 234, 254 [plan should put parent on notice as to what must be accomplished to reunite the family].)

Here, the evidence supported the orders requiring father to attend parenting classes and individual counseling. The record contains little evidence that father maintained a relationship with Sa. and Sm. In 2016, father lost custody of Sa. and Sm. based on sustained allegations of very serious domestic violence against mother in the presence of the children. He failed to reunify, and in 2017 mother was granted sole legal and physical custody of the children. Although father was entitled to visitation, in 2024 both mother and father told DCFS that father had not seen the children in years. Moreover, father did not demonstrate any insight into his prior issues during the current proceedings. He told DCFS that he had no prior domestic violence issues and did not know whether he had any prior history with DCFS. He also denied the petition's allegations regarding mother. In addition, father was a registered sex offender, with a conviction involving a minor, whom he continued to claim was actually an adult. Under these circumstances, it was not an abuse of discretion for the trial court to conclude that counseling and parenting classes were in the best interests of the children and would reasonably assist in father's ability to reunify with Sa. and Sm.

## DISPOSITION

The juvenile court's January 7, 2025 order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:



ZUKIN, P. J.



MORI, J.